IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------
:
:
: CASE NO. 4:10 CV 1917
JOSEPH THORN, JR., :
        Petitioner :
: MEMORANDUM OF OPINION AND
   -vs- : ORDER DISMISSING PETITION
:
:
:
J.T. SHARTLE, et al. :
        Respondents. :
------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the court is pro se petitioner Joseph Thorn's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Mr. Thorn, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), seeks the restoration of 81 days Good Credit Time (GCT) forfeited as a sanction for a prison disciplinary conviction.

**Background**

The relevant facts are not in dispute. Mr. Thorn was incarcerated at the United States Penitentiary in Lewisburg on 24 September 2009 when his "cube" was searched by a staff officer. The officer discovered a cellular telephone wrapped in a brown jacket and hidden under clothing on a bunk assigned to Petitioner.

An Incident Report followed, charging Mr. Thorn with Possessing a Hazardous Tool, a Code 108 violation. The Disciplinary Hearing Officer (DHO) held a hearing where

Petitioner asserted his innocence. Mr. Thorn requested a staff representative who was unavailable. When another representative was offered, Petitioner declined. Instead, Mr. Thorn offered 10 pages of hand written documents in support of his argument that he was not in "actual possession" of the telephone. Moreover, he argued he was framed by the prison staff in retaliation for filing complaints earlier.

The DHO considered Petitioner's statements, a photograph of the telephone, and a memorandum from the reporting officer corroborating his discovery of the telephone.[1] The DHO found no credible evidence that Petitioner was framed. Instead, the DHO issued a decision on 18 November 2009 wherein he found Mr. Thorn committed the prohibited act. He was sanctioned with the loss of 41 days GCT, the forfeiture of 40 days non-vested GCT, the loss of 18 months telephone privileges, the loss of 180 days visitation and a recommended disciplinary transfer.

Mr. Thorn appealed the DHO's decision to the BOP's Regional Director. The appeal was denied on 17 March 2010. Petitioner was advised he was entitled to appeal to the Office of General Counsel within 30 days. He states he appealed, but considers the request denied pursuant to 28 C.F.R. § 542.18, because the Office failed to reply within the allotted time.

## Analysis

Mr. Thorn's petition raises three grounds for relief. First, he claims the cell phone was planted on his bed. As such, he was never in "possession" of the device as that

---

[1] Because Mr. Thorn did not provide a copy of the incident report with his petition, the Court is unaware when the DHO Hearing was held, or any details regarding the hearing.

2

term is defined in Black's Law Dictionary. Specifically, he notes that he never had exclusive dominion over the object because he lives in an open dormitory with 200 other inmates. He argues anyone would have had the opportunity to hide the telephone on his bunk.

Second, Petitioner asserts that relevant case law rejects the BOP's application of a Code 108 violation for possessing a cell phone. Instead, he argues that possession of a cell phone would better be characterized as a Code 305, Possession of Anything Unauthorized violation. Finally, he attacks the disciplinary hearing process as fatally flawed. He claims he was not provided the staff representation of his choice, and was unable to speak in his defense. Mr. Thorn also maintains that the notes he prepared were taken away by the DHO, who did not allow him to read the notes aloud at his hearing. The witnesses he allegedly requested were not provided. Lastly, he challenges the fact that the DHO never investigated to whom the cell phone belonged.

### Exhaustion

Federal prisoners are required to exhaust administrative remedies before filing a habeas petition under 28 U.S.C. § 2241. See Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981). While exhaustion is not a strict statutory or otherwise jurisdictional requirement, see Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds, Reno v. Koray, 515 U.S. 50 (1995); see also, e.g., Gates-Bey v. United States Parole Comm'n, No. 00-3687, 2001 WL 303512 (6th Cir. Mar. 19, 2001)(noting that § 2241's exhaustion prerequisite is "not a statutory requirement"), a federal prisoner who procedurally defaults on his administrative claims must demonstrate cause and prejudice

3

for the omission. See Engle v. United States, 26 Fed. Appx. 394, 396 (6th Cir. Oct 25, 2001)(citing Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)).

Under the BOP's Administrative Remedy Program, the first level of appeal from a DHO decision is an appeal to the Regional Director. See 28 C.F.R. § 542.14(d)(2). To appeal from a decision of the Regional Director, an inmate must appeal to the General Counsel within thirty calendar days of the date the Regional Director signed the response, absent a valid reason for delay. 28 C.F.R. § 542.15(a). Mr. Thorn alleges he filed an appeal to the General Counsel, but did not receive a timely reply.

By regulation, "a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by . . . the General Counsel within 40 calendar days." 28 C.F.R. § 542.18. Considering the fact that the Regional Director's response was dated March 17, 2010, Mr. Thorn had 30 days to file a timely appeal. If the appeal were filed by April 16, 2010, at the latest, the General Counsel's response would be due on or about May 26, 2010. Accepting the truth of Petitioner's allegations, the General Counsel's failure to reply has well exceeded the date beyond which a response was due. There is no allegation that an extension to reply was requested. Therefore, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id. Accordingly, the Court finds Petitioner has fully exhausted his administrative remedies.

4

## Failure to State a Claim
## 28 U.S.C. 2241

If a constitutional violation has resulted in the loss of good credit time, it affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974)(prisoner's accumulation of good time credits, which can affect the length of his incarceration, may give rise to a constitutionally protected liberty interest). Here, Mr. Thorn is entitled to seek habeas relief because he claims his right to due process was violated during the course of his disciplinary hearing, which resulted in the loss of GCT.

When credits are forfeited pursuant to a prison disciplinary proceeding prisoners are not entitled to the full panoply of rights afforded a defendant in a criminal prosecution. Id. Instead, a prisoner is entitled only to procedures sufficient to ensure that the protected interest ( i.e., good time credit) " is not arbitrarily abrogated." Id. at 557.

The minimal procedural protections required in prison disciplinary proceedings, when the loss of a prisoner's good time credits is at stake, were outlined by the Supreme Court in Wolff. The relevant protections include: (a) the right to appear before an impartial decision-making body; (b) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; and (c) assistance from an inmate representative if the charged inmate is illiterate or if complex issues are involved. Id. at 563-72.

Mr. Thorn has failed to establish he was denied any process due to him under the Due Process Clause. While he asserts the "Hearing Report" confirms he was "not

provided the witnesses he requested," the Regional Director's response to his appeal reveals that Petitioner requested the presence of "adverse witnesses." To that end, the Director explained that these witnesses need not be present if their knowledge of the incident is adequately summarized in the Incident Report. Moreover, there is no due process right to cross examine an adverse witness. Because Mr. Thorn did not provide a copy of the Incident Report, the Court can only rely on the facts alleged and the BOP's response. In his petition, Mr. Thorn does not directly challenge the Regional Director's response to his appeal, nor does he clarify that his request was for adverse witnesses. His right to due process does not include the right to challenge adverse witnesses. If, instead, Mr. Thorn is challenging the right to call witnesses on his own behalf there is no evidence that he has exhausted this issue.

Mr. Thorn further claims he was denied the staff representative of his choice, was not permitted to speak in his own defense, and the prison failed to independently determine the true owner of the cell phone. There is no due process right, however, to choose a particular staff representative. Wolff only requires that an inmate receive assistance from an inmate representative if the charged inmate is illiterate or if complex issues are involved. Even though neither circumstance was present in Petitioner's case, he was still provided staff representation. Thus, he cannot argue he was denied due process because the representative was not his first choice.

The 10 pages of hand written notes outlining Petitioner's arguments were considered by the DHO. In denying Mr. Thorn's appeal, Regional Director J.L. Norwood noted "there is no evidence you were not permitted to provide a verbal statement." (Resp. from Norwood to Thorn of 3/17/10, at 2.)

6

Ultimately, Mr. Thorn asserts the telephone did not belong to him. He challenges with the assertion that the phone could have been planted on him and the BOP failed to independently investigate to whom the telephone belonged. A prison disciplinary decision comports with the requirements of due process, however, "if some evidence supports the decision by the prison disciplinary board. <u>Superintendent, Mass. Corr. Institution, Walpole v. Hill</u>, 472 U.S. 445, 455 (1985). The quantity of evidence to support a disciplinary conviction is minimal and does not involve the independent assessment of witness credibility or weighing of evidence by the federal courts. <u>Id</u>. Consequently, a prison disciplinary decision should be upheld if "some evidence" in the record supports the decision. <u>Id</u>. at 455-56.

There is no dispute that a telephone was hidden on a bunk assigned to Mr. Thorn. Thus, some evidence existed for the DHO's determination that he was in possession of a cell phone. Moreover, the due process to which he was entitled during his DHO hearing was provided.

While Mr. Thorn challenges whether a cellular telephone should be classified as a "hazardous tool," and thus a Code 108 violation, his conviction is supported by the evidence. Under BOP regulations, a Code 108 offense involves the "[p]ossession, manufacture, or introduction of a hazardous tool (Tools most likely to be used in an escape or escape attempt)." See 28 C.F.R. § 541.13, Table 3--Prohibited Acts and Disciplinary Severity Scale. Without citing relevant authority, Petitioner simply argues "[c]ase law out of this circuit requires that a cellphone be considered a 305 Incident Report [sic]." (Pet. at 5.)

7

Such a determination moves well beyond the scope of this Court's review. The Court is not permitted to re-weigh the evidence presented to the DHO. Superintendent, 472 U.S. at 455. The "Constitution does not require evidence that precludes any conclusion but the one reached by the disciplinary board." Id. at 457. A cell phone can be used by a prisoner in an attempt to escape incarceration and, thus meets the statutory definition of a "tool." Therefore, Petitioner cannot attack the propriety of charging him under Code 108 when "some evidence" exists to support a Code 108 conviction.

## Conclusion

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. (Doc. 1). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] Accordingly, the Petitioner's motion to proceed in forma pauperis is denied. (Doc. 4).

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

8